# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WILLIE HENRY,

    Plaintiff(s),

v.

DOVENMUEHLE MORTGAGE, et al.,

    Defendant(s).

Case No.: 2:19-cv-00360-MMD-NJK

**Order**

[Docket No. 11]

Pending before the Court is Experian's motion to extend the deadline to respond to the complaint by 21 days. Docket No. 11. Plaintiff filed a response, and Defendant filed a reply. Docket Nos. 14, 17. The Court declines to expend further resources by holding a hearing on this petty dispute, so the motion will be decided on the papers. *See* Local Rule 78-1.

The instant motion practice centers on a dispute between Plaintiff and Experian whether to agree to extend the deadline for Experian to respond to the complaint without an agreement by Experian to participate in a Rule 26(f) conference prior to responding to the complaint. This is not the first time counsel have engaged in motion practice on this issue. A few weeks ago, the undersigned summarily granted Experian's motions in two other cases notwithstanding the plaintiff's concerns over a "piecemeal" Rule 26(f) process. *Mintun v. Equifax Info. Servs., LLC*, Case No. 2:19-cv-00033-JAD-NJK, Docket No. 8 (D. Nev. Jan. 24, 2019); *see also id.*, Docket No. 5 at 2 (opposition brief); *Wilson v. Equifax Info. Servs., LLC*, Case No. 2:19-cv-00055-RFB-NJK, Docket No. 8 (D. Nev. Jan. 24, 2019); *see also, id.*, Docket No. 5 at 5 (opposition brief).

United States Magistrate Judge Carl W. Hoffman did the same in a third case. *See Woodward v. Equifax Info. Servs., LLC*, Case No. 2:19-cv-00019-APG-CWH, Docket No. 18 (D. Nev. Jan. 28, 2019); *see also id.*, Docket No. 8 at 2 (opposition brief). Around the same time, United States Magistrate Judge Cam Ferenbach indulged the parties by holding a hearing on the same dispute raised in two additional cases. *See* Docket No. 17-1 (transcript of hearing from February 8, 2019). Judge Ferenbach granted Experian's motions to extend, as there was sufficient justification for an extension and no meaningful prejudice to the plaintiffs with respect to the Rule 26(f) process. *See, e.g.*, *id.* at 16 ("[W]hat's the big deal to having separate 26(f) conferences? I don't see that, that it's a problem"). Judge Ferenbach further explained that counsel "**should be able to work these things out. [The Court] really shouldn't have to get a motion like this**." *Id.* (emphasis added); *see also id.* at 3 ("It's unusual to have to deal with a dispute over extension of time to respond to an original pleading"). In short, three magistrate judges have ruled in five cases that similar extensions requested by Experian should be allowed, while further signaling that this is not a dispute that should require motion practice. Undeterred by these five recent orders, however, Plaintiff's counsel (Miles Clark) again refused in this case to agree to Experian's request to stipulate to extend the time to respond to the complaint by a relatively modest 21 days and counsel have instead engaged in further motion-practice rehashing the same issues.

Before turning to the merits of this dispute, the Court has words of caution for counsel—particularly, for Mr. Clark.[1] Obstructive refusal to make reasonable accommodation not only impairs the civility of our profession and the pleasures of the practice of law, but also needlessly increases litigation expense to clients. *See, e.g.*, *Kondrk v. Towbin Dodge LLC*, 2015 WL 13683019, at *1 (D. Nev. Nov. 18, 2015). Counsel are required to conduct themselves with professionalism, civility, and practicality. *See, e.g.*, Local Rule 1-1(c); Fed. R. Civ. P. 1. These

---

[1] Mr. Clark has the temerity to accuse Experian of engaging in scorched-earth litigation tactics, *see, e.g.*, Resp. at 2, when the record is entirely clear that he has done so. As noted above, Mr. Clark has ignored orders issued by three magistrate judges in five cases and instead pushed forward to full motion-practice on what should be a routine courtesy. Mr. Clark's refusal to stipulate to the relief sought also stemmed from, *inter alia*, his quibbling over Experian's counsel's use in an email of the term "motion or stipulation to extend time" and whether the parties took inconsistent positions in other cases. *See* Docket No. 11-1. Fighting for the sake of fighting is a quintessential scorched-earth litigation tactic.

dictates are especially important in instances (like this one) in which the same attorneys are litigating dozens, if not hundreds, of cases against one another. *See, e.g.*, *Olesczuk v. Citizens One Home Loans*, 2016 U.S. Dist. Lexis 153342, at *3 (D. Nev. Nov. 4, 2016). The Court expects counsel to take a deep breath, attempt to reset their relationship with one another, and to better fulfill their obligations moving forward. Failure to heed this warning may lead to repercussions significantly greater than the issuance of a stern order.

Turning to the merits of the dispute, the Court will not engage in what—in the context of this case—is essentially an academic exercise of interpreting the local rules. Experian has established sufficient justification for the requested 21-day extension. Accordingly, the Court will **GRANT** the motion to extend Experian's deadline to respond to the complaint to April 15, 2019. Regardless of the parties' competing positions as to the minutia of the applicable local rule, the Court has not been presented with sufficient justification to require a Rule 26(f) conference prior to April 15, 2019. Instead, the Rule 26(f) conference will take place at 9:00 a.m. on April 22, 2019. Given the acrimony between counsel, the Rule 26(f) conference will be in-person and face-to-face at least with respect to counsel for Plaintiff and Experian. The Rule 26(f) conference shall include a discussion between counsel for Plaintiff and Experian, of at least ten minutes in duration, of the ways in which they propose mending their relationship so that they can proceed with litigating this case in accordance with the Court's expectations of civility and professionalism.

IT IS SO ORDERED.

Dated: March 26, 2019

_____
Nancy J. Koppe
United States Magistrate Judge