UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WILLIE HENRY, | Case No. 2:19-cv-00360-MMD-NJK |
| Plaintiff, | ORDER |
| v. | |
| DOVENMUEHLE MORTGAGE, *et al.*, | |
| Defendants. | |

## I.    SUMMARY

Defendant Experian Information Solutions, Inc. ("Experian" or "Defendant") moves to dismiss (the "Motion") this consumer finance matter brought primarily under the Fair Credit Reporting Act ("FCRA").[1] (ECF No. 36.) Each party has also submitted a motion for leave to file supplemental authority (ECF Nos. 46, 53), which the Court grants. For the reasons discussed below, the Court will also grant the Motion except as to Plaintiff's claim under 15 U.S.C. § 1681i(a).

## II.    BACKGROUND

### A.    FCRA

Congress enacted the FCRA in 1970 "to protect consumers from the transmission of inaccurate information about them[.]" *Ramirez v. TransUnion LLC,* Case No. 17-17244, 2020 WL 946973, at *13 (9th Cir. Feb. 27, 2020) (citations and internal quotes omitted). The statute was created in response to "concerns about corporations' increasingly sophisticated use of consumers' personal information in making credit and other

---

[1]The Court has also reviewed Plaintiff Willie Henry's response (ECF No. 41) and Defendant's reply (ECF No. 42).

decisions." *Syed v. M-I, LLC et al.*, 846 F.3d, at 1037 (9th Cir. 2017) (citing the FCRA, Pub. L. 91-508, Section 602, 84 Stat. 1114, 1128). Given the growing importance of consumer credit and consumers' lack of control over what information is contained in their credit reports, the FCRA intends to provide statutory protection for already recognized legal harms (albeit as applied to a new industry). *In re Ocwen Loan Servicing LLC Litig.*, 240 F. Supp. 3d 1070, 1073 (D. Nev. 2017).

To protect a consumer's interest in accurate credit reporting about them, 15 U.S.C. § 1681g(a) allows consumers to request their credit file from a credit reporting agency ("CRA"), review the sources of the information within it and identify any inaccuracy. *See Ramirez,* 2020 WL 946973, at *13. (citation omitted)). Consumers can then correct any inaccuracy by utilizing the "grievance procedure established under § 1681i," which requires in part that a CRA conduct a "reasonable reinvestigation" into the matter. *Id.* at *13 (same). Additionally, § 1681e requires that a CRA use "reasonable procedures to assure maximum possible accuracy" of a consumer's credit information when making a "consumer report" for use by third parties.

### B. Factual Background

The following facts are taken from the First Amended Complaint ("FAC") (ECF No. 29), unless indicated otherwise.

On July 13, 2016, Plaintiff filed for Chapter 13 bankruptcy in which Defendant received notice thereof.[2] (*Id.* at 3.) At that time, Plaintiff owned real property, which was subject to a first mortgage deed of trust serviced by Dovenmuehle. (*Id.*) On December 19, 2016, the bankruptcy court approved a trial modification of the Dovenmuehle mortgage where Plaintiff's monthly payment of $1,268.25 would be reduced to $1,160.77. (*Id.* at 4.) On June 9, 2017, the bankruptcy court permitted a loan modification that recapitalized all pre-petition and post-petition arrears such that no arrears were presently due. (*Id.*)

---

[2]Plaintiff originally filed this case against Experian, Dovenmuehle Mortgage ("Dovenmuehle"), Equifax Information Services LLC, IBEW Plus Credit Union, and Trans Union LLC. But all Defendants other than Experian have been dismissed. (*See* ECF Nos. 20, 31, 45, 52.)

On March 15, 2017, Defendant provided Plaintiff with his credit file ("First Report"). (*Id.* at 8; ECF No. 36-2.) This file was purportedly inaccurate because it did not report the Dovenmuehle loan as "paid as agreed," even after Plaintiff complied with the obligations of his loan modification. (ECF No. 29 at 22.)

On May 18, 2017, Plaintiff sent Defendant a dispute letter notifying Defendant of the inaccurate report and requested that the information be removed, corrected, or deleted (the "Dispute Letter"). (*Id.*) Plaintiff also requested that in the event Defendant failed to make the requested corrections, Defendant should include a statement on Plaintiff's credit report that the Dovenmuehle account was in dispute. (*Id.* at 23.) Plaintiff asserts that Defendant was required to investigate the dispute under the Fair Credit Reporting Act ("FCRA"),15 U.S.C. § 1681i. (*Id.*)

On June 26, 2017, Defendant provided Plaintiff with its investigation results in a second credit file ("Second Report"), which continued to incorrectly report a monthly payment of $1,240 for the Dovenmuehle account, as well as a $18,349 as "past due as of Jun 2016." (ECF No. 29 at 8, 23; ECF No. 36-3.)

Plaintiff asserts two sets of claims against Defendant for general misrepresentations and omissions in Plaintiff's credit file (the "First Set of Claims"), and inaccurate reporting of his Dovenmuehle account (the "Second Set of Claims").

In the First Set of Claims, Plaintiff specifically alleges that Defendant (1) failed to provide descriptions of certain dates in Plaintiff's account history in a manner understandable to the average consumer, (2) failed to explain why unspecified "softinquiries"[3] appearing on Plaintiff's consumer disclosures were made, (3) misrepresented that Defendant only shares credit information for permissible purposes,

///

///

---

[3]A "soft inquiry" appears to be an inquiry into a consumer's credit file that is "purportedly only shared with the Plaintiff." (*Id.* at 10.)

(4) failed to disclose "behavioral data"[4] and the third parties with whom Defendant shares this data, (5) failed to disclose the names of all persons who procured a consumer report during the six-month period preceding the date of request, (6) failed to disclose in plain English the sources of the information in Plaintiff's credit file, and (7) misrepresented that Plaintiff's address information does not affect credit scores. (ECF No. 29 at 8-21.) Plaintiff alleges that these misrepresentations and omissions violate §§ 1681(g)(a)(1) and (a)(2), and NRS §§ 41.600, 598.0915(5), and 598.0923(3). (*Id.*)

In Plaintiff's Second Set of Claims, Plaintiff alleges that Defendant failed to conduct a reasonable investigation into his Dovenmuehle account (violating §§ 1681i(a)-(b), 1681e(b), and 1681s-2(b), and NRS § 598C.160), and failed to maintain reasonable procedures to ensure the maximum possible accuracy in its reporting (required under § 1681e(b)). (*Id.* at ¶ 100.)

### III.    LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555.) "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted). And it must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550

---

[4]Plaintiff alleges that Defendant "amasses and maintains an enormous amount of 'behavioral' data on consumers, such as household income, purchase history, and even whether an individual is a 'dog' or cat' person." (*Id.* at 13.)

U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *See Iqbal*, 556 U.S. at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *See id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *See id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *See id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). This is insufficient. When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *See Twombly*, 550 U.S. at 570.

When a court grants a motion to dismiss, it must then decide whether to grant leave to amend. A court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## IV.     DISCUSSION

Defendant seeks dismissal in part for lack of standing, which the Court will address first, and for failure to state a claim. Because the Court finds that it has jurisdiction over Plaintiff's Second Set of Claims, the Court will then address the merits of those arguments.

5

1    Ultimately, the Court finds that Plaintiff has not stated a claim for failure to conduct a

2    reasonable investigation[5] or for failure to maintain reasonable procedures.

3        **A.    Standing**

4        Lack of standing is a defect in subject matter jurisdiction and may be challenged

5    under Rule 12(b)(1). *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541

6    (1986). To establish an injury in fact, a plaintiff must show that he or she (1) suffered an

7    invasion of a legally protected interest (2) that is concrete, (3) particularized and (4) actual

8    or imminent, not conjectural or hypothetical. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548

9    (2016), *as revised* (May 24, 2016) (citations omitted). While a concrete injury may be

10   intangible and yet still confer Article III standing, a plaintiff cannot "allege a bare procedural

11   violation [under the FCRA], divorced from any concrete harm." *Id.* at 1549 (same).

12   Allegations of inaccurate credit reporting are insufficient to demonstrate an injury-in-fact

13   because "not all inaccuracies cause harm or present any material risk of harm." *Id.* at

14   1550; *see id.* (holding that a website operator's alleged publication of inaccurate

15   information concerning plaintiff was insufficient to establish a concrete injury).

16       Plaintiff's First Set of Claims alleges that Defendant's general misrepresentations

17   and omissions damaged his creditworthiness and/or "created an imminent risk of damages

18   to [his] creditworthiness." (ECF No. 29 at 20-21.) But Plaintiff has failed to show a concrete

19   injury because he has not alleged how the "credit report harm[s] [his] ability to enter a

20   transaction with a third party in the past or imminent future." *Jaras v. Equifax Inc.,* 766 F.

21   App'x 492, 495 (9th Cir. 2019).[6] Additionally, "it is not obvious that [it] would, given that

22

23       [5]The Court dismisses Plaintiff's claim under § 1681s-2(b) because that section
     pertains to furnishers, whereas here the parties do not dispute that Defendant is a CRA.
24   *Dyson v. Equifax, Inc.*, No. 16-CV-03327-BLF, 2017 WL 1133517, at *2 (N.D. Cal. Mar.
     27, 2017) (holding that plaintiff failed to allege a viable claim against an CRA because she
25   only asserted a claim under § 1681s-2(b), which is only applicable to furnishers). Dismissal
     is without leave to amend because amendment would be futile.

26
         [6]The Court finds *Jaras* persuasive and applies it here. Although not binding
27   precedent, unpublished decisions have persuasive value and may be relied on. *See, e.g.*,
     *In re Ocwen Loan Servicing LLC Litigaton*, No. 3:16-cv-200-MMD-WGC, 2019 WL
28   690353, at *2 (D. Nev. Feb. 19, 2019); *see also* Ninth Cir. R. 36-3 ("Unpublished Ninth
     Circuit decisions may be cited commencing with decisions issued in 2007.").

Plaintiff['s] bankruptc[y] [itself] cause[d] [him] to have [a] lower credit score[] with or without the alleged misstatements." *Id.* at 494. Plaintiff alleges that his current creditors "might take adverse actions due to incongruities in his file which Plaintiff was not able to fix." (ECF No. 29 at 21.) But *Jaras* foreclosed "broad generalizations about how lower [credit] scores can impact lending decisions generally—without any specific allegation that lower [credit] scores impact lending decisions regarding individuals who are already in Chapter 13 bankruptcy." *Id.* at 494-95; *see also Carson v. Experian Info. Sols., Inc.,* Case No. 8:17cv-2232-JVS-KES, 2019 WL 3073993, at *7 (C.D. Cal. July 9, 2019) ("The inability to completely assess their own information due to omissions in their § 1681g disclosures is not a sufficiently concrete injury to confer standing."). For the foregoing reasons, the Court dismisses Plaintiff's First Set of Claims for lack of standing. But the Court will grant Plaintiff an opportunity to amend because he can conceivably cure the jurisdictional deficiencies.[7] *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988).

In contrast, the Court finds that Plaintiff has standing to bring his Second Set of Claims. Plaintiff alleges that as a result of Defendant's "continued incomplete and inaccurate reporting of the disputed information, Plaintiff has suffered actual damages"

---

[7]For Plaintiff's benefit, the Court also notes that Plaintiff has only alleged speculative injuries in relation to certain claims. For example, Plaintiff's allegation that his list of addresses is a "potential" risk factor, "*can* serve as a factor in determining risk premiums for insurance or eligibility for employment, and "might" impact his credit score hinges on a hypothetical injury. (ECF No. 29 at 19-20 (emphasis added).) Similarly, Plaintiff "does not allege that any of the information for which the source was not provided was in any manner inaccurate," therefore any "violation is procedural, rather than concrete." *Benton v. Clarity Servs., Inc.*, Case No. 16-cv-06583-MMC, 2017 WL 345583, at *2 (N.D. Cal. Jan. 24, 2017) (citation omitted). The Court also struggles to see how any soft inquiry would impact Plaintiff's credit or any of his transactions with a third party if Plaintiff concedes that soft inquiries are "only shared with the Plaintiff." (ECF No. 29 at 10; *see also id.* at 21 n.32 ("Several of these soft inquiries on [the First Report and Second Report] appeared to have been made by Experian."); *id.* at 25 n.34 (same).) Finally, Plaintiff failed to allege that Defendant specifically collected behavioral data on him, suggesting that Plaintiff has only alleged a speculative violation. *See Diaz v. Chase*, 416 F. Supp. 3d 1090, 1097 (D. Nev. 2019) (holding that plaintiff failed to state a claim against Experian where he speculated that Experian had behavioral data on him simply because Experian generally "stores data on more than 300 million individuals" (citations and internal quotes omitted).)

such as transportation costs and emotional distress. (ECF No. 29 at 24-25.) Because transportation costs are recoverable as an out-of-pocket expense, Plaintiff has sufficiently alleged a concrete injury for Article III standing. *See Grove v. Wells Fargo Fin. California, Inc.,* 606 F.3d 577, 580 (9th Cir. 2010) (holding that, because the FCRA provides for "reasonable attorney's fees," district courts have discretion to award out-of-pocket expenses like travel costs to the prevailing party); *Uehara v. TD Bank, Nat'l Ass'n*, Case No. 2:17-cv-190-GMN-CWH, 2018 WL 1472712, at *3 (D. Nev. Mar. 26, 2018) (holding that plaintiff has standing where he pled he incurred "out-of-pocket expenses in challenging the defendants' wrongful representations"); *Harris v. Nissan-Infiniti LT*, Case No. 2:17-cv-191-JCM-VCF, 2018 WL 387397, at *4 (D. Nev. Jan. 11, 2018) (holding that plaintiff sufficiently pled a concrete injury where she alleged she suffered actual harm in the form of "out-of-pocket expenses").

Furthermore, Plaintiff can recover damages for emotional distress in connection to any negligent violations of the FCRA. *See Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1332-33 (9th Cir. 1995) (citing to 15 U.S.C. § 1681o). In *Guimond*, the plaintiff allegedly suffered "emotional distress, manifested by sleeplessness, nervousness, frustration, and mental anguish resulting from the incorrect information in her credit report." *Id.* at 1332. The Ninth Court suggested that was enough to show actual damages when the court remanded the claim for trial.[8] *Id.* at 1333, 1336-37; *see also Dewi v. Wells Fargo Bank*, Case No. CV 12-2891 ABC SHX, 2012 WL 10423239, at *8 (C.D. Cal. Aug. 8, 2012) (discussing *Guimond*). Similar to *Guimond*, Plaintiff alleges that he "suffered emotional distress in the form of feeling of discouragement, depression, sleeplessness, anxiety,

---

[8]In *Guimond*, the district court granted summary judgment in favor of a CRA because the court found that plaintiff's emotional distress could not have resulted from the CRA's activities where there was no denial of credit. *Id.* at 1332-33. The Ninth Circuit reversed and remanded, holding that a denial of credit is not a prerequisite for recovery under the FCRA. *Id.* at 1333. More importantly, the Ninth Circuit pointed out that "summary judgment is inappropriate" where the CRA "did not contest [plaintiff's] claims of damages [for emotional distress], nor that those damages were a result of the inaccuracies in her credit report." *Id.*

disappointment, frustration, and hopelessness as a result of his credit reporting issues." (ECF No. 29 at 24-25.) Plaintiff has therefore shown a concrete injury for Article III standing. As such, the Court will address the merits of his Second Set of Claims.

### B. Reasonable Investigation

Plaintiff has failed to state a claim under § 1681i(a)-(c) and NRS § 598C.160.

In support of his § 1681i(a) claim, Plaintiff argues that Defendant "fail[ed] to properly correct the inaccuracy [in his Dovenmuehle account] on reinvestigation" (ECF No. 41 at 14). Under § 1681i(a), if a consumer disputes information in their file and notifies a CRA as such, the CRA must notify the furnisher[9] within five business days of the dispute, and promptly correct or delete from the consumer's file any inaccurate, incomplete or unverifiable information. *Ghazaryan v. Equifax Info. Servs., LLC*, 740 F. App'x 157, 158 (9th Cir. 2018) (citing to 15 U.S.C. §§ 1681i(a)(4), (a)(2)(A), and (a)(5)(A)(i)). Plaintiff alleges that Defendant "wrongly verified inaccurate information" from Dovenmuehle, the furnisher. (ECF No. 29 at 22-23.) But that is not the standard for liability—where a furnisher has confirmed that the disputed information is in fact correct, a CRA is entitled to rely on the furnisher's determination if there is no reason to question the furnisher's reliability. *Ghazaryan,* 740 F. App'x at 158. Here, Plaintiff has not alleged nor given any reason why Defendant could not rely on Dovenmuehle's determination. *See id.* at 158. Furthermore, Defendant had no duty "to resolve [any] ultimate contradiction between" Dovenmuehle's response versus Plaintiff's dispute. *Id.*; *see also Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 891 (9th Cir. 2010) ("[CRAs] are not tribunals. They simply collect and report information furnished by others."). To the extent Plaintiff pleads in the alternative that Defendant "failed to notify Dovenmuehle" of the disputed information (ECF No. 29 at 23), Plaintiff has sufficiently stated a claim for relief under § 1681i(a). *See* Fed. R. Civ. P. 8(e)(2) (allowing plaintiffs to plead in the alternative "as many separate claims or defenses

---

[9]With exceptions that do not apply here, a furnisher is "an entity that furnishes information relating to consumers to one or more [CRAs] for inclusion in a consumer report." 12 CFR § 1022.41(c).

as [the plaintiff] has regardless of consistency and whether based on legal, equitable, or maritime grounds.") The Court therefore denies the Motion as to Plaintiff's § 1681i(a) claim.

Plaintiff alleges that Defendant violated § 1681i(b)-(c) by failing to include a statement in Plaintiff's credit report explaining that the Dovenmuehle account was in dispute. (ECF No. 29 at 24.) Section 1681i(b) provides that if a CRA's "reinvestigation does not resolve the dispute, the consumer may file a brief statement setting forth the nature of the dispute." 15 U.S.C. § 1681i(b). Unless there are reasonable grounds to believe that the consumer's statement is frivolous or irrelevant, § 1681i(c) requires that the CRA include "in any subsequent consumer report containing the information in question" either the consumer's statement or a codification or summary thereof. *Id.* at § 1681i(c). Section 1681i(b)-(c) does not apply here because Plaintiff submitted his statement of dispute on May 18, 2017 in his Dispute Letter—prior to Defendant's reinvestigation. (ECF No. 29 at 24.) Accordingly, the Court dismisses Plaintiff's § 1681i claim without leave to amend because amendment would be futile.

Plaintiff has also failed to state a claim under NRS § 598C.160, which is nearly identical to § 1681i. If a consumer disputes information in their file and notifies a CRA as such, NRS § 598C.160 requires that the CRA notify "any institutional sources of the information" within five business days of the dispute, and complete a reinvestigation of the information within 30 days, unless the CRA determines the dispute to be frivolous or irrelevant. More importantly, NRS § 598C.160(2) states that "[i]f [a CRA] determines that the information is incorrect or can no longer be verified, it shall correct its files accordingly and notify the consumer." Although Plaintiff alleges that Defendant failed to correct the inaccuracy in his Dovenmuehle account (ECF No. 29 at 24), he does not allege that Defendant found any issue with its Dovenmuehle reporting. Without the latter, Defendant is not obligated to revise its reporting. Furthermore, to the extent Plaintiff alleges that Defendant failed to investigate the Dispute Letter (ECF No. 29 at 23), the allegation is too
///

conclusory. Therefore, the Court dismisses Plaintiff's claim under NRS § 598C.160 but grants Plaintiff leave to amend.

## C. Reasonable Procedures

Under § 1681e(b) of the FCRA, "[w]henever a [CRA] prepares a consumer report[,] it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). As Defendant pointed out, Plaintiff alleges that Defendant violated § 1681e(b) by inaccurately reporting the Dovenmuehle account (ECF No. 29 at 24), but this is insufficient—Plaintiff has not pled that Defendant failed to follow reasonable procedures in maintaining its database. (ECF No. 36 at 10.) Because Plaintiff has not responded to this issue, the Court dismisses his § 1681e(b) claim without leave to amend. *See Shull v. Ocwen Loan Servicing*, LLC, No. 13-CV-2999-BEN WVG, 2014 WL 1404877, at *2-3 (S.D. Cal. Apr. 10, 2014) ("Where a party fails to address arguments against a claim raised in a motion to dismiss, the claims are abandoned and dismissal is appropriate."); *see* also *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (holding that a claim raised in the complaint was waived when it was not re-raised in response to a motion to dismiss).

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Defendant's motion to dismiss (ECF No. 36) is denied in part and granted in part. It is denied as to Plaintiff's claim under 15 U.S.C. § 1681i(a). It is granted as to Plaintiff's remaining claims. Plaintiff will be given leave to amend his NRS § 598C.160 claim and to cure the jurisdictional deficiencies as discussed herein. If Plaintiff wishes to file a second amended complaint, he must do so no later than 15 days after the file date of this order. Failure to file an amended complaint will result in dismissal of his

NRS § 598C.160 claim with prejudice. The case will otherwise proceed on Plaintiff's § 1681i(a) claim.

The Court also grants each parties' motion for leave to file supplementary authority (ECF Nos. 46, 53).

DATED THIS 18th day of March 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE